**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10405 (DSJ) |
| CRANE ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>-vs-<br><br>MICHAEL E. CRANE, DANIEL M. CRANE, JOHN DOE AND JANE DOE (Fictitious Persons)<br><br>Defendants. | Adv. Pro. No. 25-01040 (DSJ) |

**ORDER GRANTING MOTION BY DEBTOR AUTHORIZING THE DEBTOR TO EVICT THE DEFENDANTS AND TO SEEK THE ASSISTANCE OF THE UNITED STATES MARSHALLS SERVICE TO AID IN THE EVICTION AND SEEKING TO HOLD MICHAEL E. CRANE AND DANIEL M. CRANE IN CONTEMPT**

UPON the motion (the "Eviction Motion") of Crane Enterprises, LLC (the "Debtor") [ECF #14], the debtor in the above-referenced chapter 11 case, seeking an Order of the Bankruptcy Court, pursuant to §105(a) of the Bankruptcy Code and Bankruptcy Rule 9020:  a) authorizing Debtor to take all necessary actions to evict the Crane Defendants[1] from the apartment located at 360 Shore Road, Long Beach, New York, Apt. 8L (the "Apt."), including seeking the assistance of the United States Marshalls Service ("USMS"); and b) holding Michael E. Crane and Daniel M. Crane (the "Crane Defendants") in contempt; and after reviewing the Eviction Motion, the

---

[1] Capitalized terms used herein shall retain the meanings ascribed to them in the Eviction Motion, unless otherwise defined.

Objection filed by the Crane Defendants to the Eviction Motion [ECF # 19]; and where there was a hearing (the "Hearing") on the Eviction Motion on August 20, 2025 in the Bankruptcy Court; and where the Court issued a Written Decision related to the Eviction Motion [ECF #21]; and upon representations made at the Hearing; and upon a review of the Eviction Motion, the Objection, the representations made at the Hearing and the Written Opinion; **and the parties having submitted competing proposed orders as directed by the Written Decision on the Eviction Motion, with Defendants' proposed modifications to Plaintiff's proposed order shown in this document in redlined track changes, and with the Court having considered the parties' competing proposed orders and having determined that this Order with additional changes by this Court shown in bold or in strikethrough appropriately implements the Court's Written Decision;** it is hereby   **[DSJ 8/22/2025]**

**ORDERED**, the Eviction Motion is granted to the extent set forth below; and it is further

**ORDERED**, the Debtor may take all steps set forth herein to evict the Crane Defendants from the Apt., including changing the locks on the Apt., and notifying Xander Corp. ("Xander"), the Sponsor of the building where the Apt. is located, 360 Shore Road, Long Beach, New York (the "Building") of the entry and content of this Order, **which will become immediately effective at noon on September 5, 2025,** in the event that the Crane Defendants do not **first** procure a stay of eviction pending appeal from another Court and do not voluntarily vacate and turnover the Apt. to the Debtor on or before **11:00 a.m. on** September 5, 2025; and it is further   **[DSJ 8/22/2025]**

**ORDERED**, that the Debtor may enlist the assistance of the U.S. Marshals Service ("USMS") to evict the Crane Defendants from the Apt. and the Debtor may contact representatives of the USMS and submit a further order to the Court that is acceptable to the USMS to assist the Debtor in taking all actions necessary to evict and eject Michael E. Crane and Daniel M. Crane

and any other individual residing in the Apt.; and it is further

**ORDERED**, that, to the extent the Eviction Action seeks to hold the Crane Defendants in civil contempt of the SJ Order, it is denied at this time; and it is further

**ORDERED**, the Debtor may renew its motion to seek a finding holding the Crane Defendants in civil contempt if they have not fully vacated the Apt., voluntarily or otherwise, on or before September 5, 2025**; and it is further    [DSJ 8/22/2025]**

**ORDERED, that entry of this Order is without prejudice to further application (a) on notice to Xander regarding requested actions by or directions or authorizations to be issued to Xander in aid of eviction, and (b) concerning any relief either party may seek with respect to the disposition of any personal property not removed from the Property on or before September 5, 2025; and it is further    [DSJ 8/22/2025]**

**ORDERED**, that the Bankruptcy Court shall retain sole and exclusive jurisdiction to hear and determine any further proceedings required to implement, interpret or enforce this Order.

Dated: New York, New York
      August 22, 2025

                                           *s/ David S. Jones*
                                       HONORABLE DAVID S. JONES
                                       UNITED STATES BANKRUPTCY JUDGE