| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

| In re: | Chapter 11 |
|---|---|
| CRANE ENTERPRISES, LLC, | Case No. 25-10405 (DSJ) |
| Debtor. | |

## DECISION AND ORDER GRANTING THE MOTION OF MICHAEL E. CRANE AND DANIEL M. CRANE FOR RELIEF FROM THE AUTOMATIC STAY

**APPEARANCES:**

**SILVERMAN LAW OFFICE, PLLC**
*Counsel to the Debtor*
4 Terry Terrace
Livingston, NJ 07039
By:   Brett Silverman, Esq.

**WILK AUSLANDER LLP**
*Proposed Special Litigation Counsel for the Debtor*
825 Eighth Avenue, 29th Floor
New York, NY 10019
By:   Eric J. Snyder, Esq.

**MORRISON TENENBAUM PLLC**
*Counsel for Movants, Michael E. Crane and Daniel M. Crane*
87 Walker Street, Floor 2
New York, NY 10013
By:   Brian J. Hufnagel

**LAW ADVOCATES LLC**
*Co-Counsel for Movants, Michael E. Crane and Daniel M. Crane*
236 Millbrook Ave, Ste 3R
Randolph, New Jersey 07869
By:   Douglas A. Goldstein, Esq.

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

       Before the Court is the motion of Michael E. Crane and Daniel M. Crane ("**Movants**")

for relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code

("**Motion**") so that Movants may proceed with an appeal of a warrant of eviction and judgment

of possession ("**Judgment**") granted by a state court in a case initiated by Crane Enterprises, LLC ("**Debtor**") in connection with an apartment it owns. Movants also request a waiver of the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) in connection with the relief sought. Debtor filed an objection ("**Objection**") to the Motion, [*Objection to Motion for Relief from Automatic Stay*, Case No. 25-10405, ECF No. 21], to which Movants submitted a reply ("**Reply**") [*Reply of Michael E. Crane and Daniel M. Crane in Further Support of Their Motion for Relief from The Automatic Stay to Proceed with Pending State Court Action*, Case No. 25-10405, ECF No. 23].

Movants assert that this Court should lift the stay and allow them to proceed with an appeal of the Judgment in state court. In the state court eviction action, the Nassau County District Court of the State of New York ("**District Court**") considered the validity of the lifetime leasehold asserted by Movants and issued the Judgment in favor of the Debtor, directing eviction notwithstanding the Cranes' assertion of the existence and enforceability of the purported lifetime lease. Movants wish to appeal this Judgment to further pursue their thus-far unsuccessful contention that the alleged lease establishes that they have a valid possessory interest in the apartment. Movants argue that "cause" exists to lift the stay under Section 362(d)(1) of the Bankruptcy Code because, among other reasons, the state courts should be the forum to hear disputes involving state law and the Movants will be irreparably harmed if not permitted to pursue their appeal.

Debtor objects to the Motion on the grounds that the facts of this case do not demonstrate "cause" to lift the stay under Section 362(d)(1) of the Bankruptcy Code. Debtor's Objection maintains that allowing Movants to pursue the appeal of the Judgment would interfere with Debtor's bankruptcy case and that the balance of harms weighs heavily in favor of Debtor.

2

Debtor additionally correctly notes that Movants failed to pursue the appeal for months, and Debtor argues that this failure warrants applying the laches doctrine to deny the relief sought. Debtor further objects that Daniel M. Crane is not a party-in-interest and therefore, in Debtor's view, should not be permitted to seek relief from the automatic stay in this case.

For the reasons explained further below, Movants' motion for relief from the automatic stay is granted and Debtor's objection is overruled. Applying the governing framework, the Court concludes that "cause" exists to lift the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code. Among other reasons, the Court concludes that lifting the automatic stay would not unduly interfere with the Debtor's bankruptcy case, especially because the Court recently by separate order granted Debtor's application for turnover of the premises at issue, and the balancing of harms that would result from either granting or denying the Motion weighs in favor of Michael E. Crane because without relief, he will be held to the outcome of a state-court ruling despite his stated disagreement with that ruling and what but for the automatic stay would be his ongoing right to appeal that judgment. A lift of the stay ensures that Mr. Crane is allowed some procedural avenue to pursue relief; if that avenue is so late as to be ineffective or to be legally foreclosed as a matter of state law, that result would flow from Mr. Michael Crane's own dilatory approach to the litigation.

## BACKGROUND

### A. Debtor's Bankruptcy

Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 4, 2025. *See Chapter 11 Voluntary Petition for Non-Individual*, Case No. 25-10405, ECF No. 1 ("**Petition**"). The Debtor is owned 50% by the estate of Rhoda Crane and 50% by the estate of Joyce Crane. *Affidavit Pursuant to LR 1007-2 of David Repetto*, Case No. 25-10405,

3

ECF No. 7 ¶ 2 ("**Repetto Affirmation**"). The estates of Rhoda and Joyce Crane have court-appointed administrators, respectively David. M. Repetto and Stuart Reiser, who are overseeing the management of the Debtor. *Id.* ¶ 3.

The Debtor is organized as a limited liability company and holds a single asset: 99 shares in a cooperative residential corporation. *See* Petition, Schedule A/B. In connection with the issuance of these shares, the Debtor entered into a proprietary lease that granted Debtor the right to possess the two-bedroom cooperative located at 360 Shore Road, Apt 8L, Long Beach, NY 11561 (the "**Property**"). *See* Petition, Schedule A/B; *see also* Motion. The Property's sole encumbrance is maintenance arrearages that are accumulating as a priming lien on the property. *See* Petition, Schedule A/B; Objection. These apartment common charges have gone unpaid since approximately July 2022. *Cf.* Reply. Debtor's liabilities consist of these apartment common charges in addition to sums owed to two law firms. *See* Petition, Schedule A/B.

B. **The State Court Proceedings and Turnover Action**

Defendants possess or reside in the Property. *See* Motion at 2. In 2022, the Debtor commenced an eviction action (the "**Eviction Action**") against Michael E. Crane in the Civil Part of the Nassau County District Court of the State of New York (the "**District Court**") to remove him from the Property. *See* Motion at 2–3. In the Eviction Action, Michael E. Crane produced what he alleges to be a lifetime lease (the "**Alleged Lease**") on the Property for the stated rent of $1.00 per year. *See id.* (citing *First Motion for Summary Judgment, and, First Statement of Undisputed Fact*, Case No. 25-01040, ECF No. 6 ("**SJ Motion**"), Exhibit F). Despite the existence of the Alleged Lease, on November 18, 2024, the District Court entered the Judgment in the Eviction Action in Debtor's favor, ordered Michael E. Crane evicted, and granted a stay of execution through January 31, 2025. *See* SJ Motion, Exhibit I. Neither

4

Defendant moved for reconsideration or sought an extension of the stay of execution of the Judgment or a stay pending appeal.[1] *See id.* ¶ 16. Daniel M. Crane is not a party to the Eviction Action and has not moved to intervene in the case. Objection ¶ 2. On December 23, 2024, Michael E. Crane filed a notice of appeal in the Eviction Action to appeal the suit (the "**Appeal**") to the Appellate Term, Second Department of the Supreme Court of the State of New York. *See* Motion at 3 (citing *Reply to Motion for Summary Judgment and to Objection filed by Crane Defendants*, Case No. 25-01040, ECF No. 8 ("**SJ Reply**"), Exhibit G). Since filing his notice of appeal, Michael E. Crane has taken no action to perfect the appeal. SJ Reply ¶ 17. His time to do so had not expired as of the March 4, 2025 filing of Debtor's bankruptcy petition. Neither Michael nor Daniel Crane moved to dismiss the bankruptcy case, and they never sought relief from the automatic stay until July 3, 2025. *See generally Docket, In re Crane Enterprises LLC*, Case No. 25-10405.

On March 5, 2025, Debtor commenced an adversary proceeding (the "**Adversary Proceeding**") related to this case by filing the Complaint, in which Debtor asserts one count pursuant to Section 542 of the Bankruptcy Code for an order directing Defendants Michael E. Crane and Daniel M. Crane to turn over possession of the Property to the Debtor. *See Complaint against Michael E. Crane, Daniel M. Crane and John Doe and Jane Doe (Fictitious Persons)*, Case No. 25-10405, ECF No. 3. On April 22, 2025, Debtor filed a motion for summary judgment regarding the request for turnover pursuant to Section 542 arguing that the Debtor is entitled to turnover of the Property as a matter of law and *res judicata* (sic) prevented rehashing the validity of the lease in the adversary proceeding, as that issue was decided in the Judgment. *See* SJ

---

[1] The Eviction Action was decided in the District Court of the State of New York, County of Nassau: First District located in Hempstead at Index No. LT 4282/22. Despite the Court's diligent efforts to locate the docket of this case and any appeals of the Judgment, this Court was unable to find the docket or records relating to the Eviction Action or the appeal of the Eviction Action.

5

Motion. Movants filed an objection thereto and Debtor filed a responsive reply. *See Objection to Motion*, Case No. 25-01040, ECF No. 7; SJ Reply. On July 29, 2025, the Court granted Debtor's motion for summary judgment, holding that the Debtor demonstrated entitlement to turnover of the Property and collateral estoppel prevented relitigating the validity of the Alleged Lease. *See Decision Granting Plaintiff's Motion for Summary Judgment*, Case No. 25-01040, ECF No. 10.

### C. Procedural History and the Parties' Arguments

On July 3, 2025, Movants filed the Motion seeking relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code so that they may pursue the Appeal (which, again, they noticed in December 2024 but thus far have failed to perfect or pursue other than by their July 2025 filing of the Motion). *See generally* Motion. In connection with the relief sought in the Motion, Movants also seek a waiver of the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3). *See id.* In the Motion, Movants argue that relief from the automatic stay is warranted because the balance of harms in this case supports that outcome, there will be a complete resolution of issues raised in the Adversary Proceeding, and the state court should decide issues of state law, among other reasons. *See id.*

On July 14, 2025, the Debtor filed the Objection, arguing that the appeal would inexcusably interfere with Debtor's bankruptcy, the balance of harms in this case weighs in favor of Debtor, and no specialized tribunal is necessary to decide the issues raised in the Appeal. *See* Objection. Debtor additionally contends that laches prevents the relief sought in the Motion because of Movants' months of delay in pursuing the appeal, and Daniel M. Crane is not a party-in-interest and therefore does not have the standing or right to bring this Motion. *See id.*

On July 16, 2025, Movants filed the Reply, conclusorily asserting that Movants would suffer significant harm (homelessness) such that the balance of harms does indeed weigh in favor

6

of Movants, and that Debtor's reliance on *In re Celsius Network LLC* is misplaced because the facts in that case involved the risk of multiple, separate lawsuits stemming from a many-creditor bankruptcy and a resulting risk of serious disruption to the bankruptcy case and creditor interests, whereas here the Debtor is a single asset-holding limited liability company with few creditors. *See* Reply (citing 642 B.R. 497 (Bankr. S.D.N.Y. 2022)).

## JURISDICTION

This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 157(b), 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G) because it concerns a motion for relief from the automatic stay (core proceedings include "motions to terminate, annul, or modify the automatic stay"). This Court possesses the authority to enter a final judgment in a core proceeding "arising under title 11" consistent with Article III of the United States Constitution. *See Stern v. Marshall*, 564 U.S. 462, 474–75 (2011); *see also In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011) (proceedings arise under title 11 "when the cause of action or substantive right claimed is created by the Bankruptcy Code"). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

### A. Legal Standard

Section 362(d)(1) of the Bankruptcy Code states that the bankruptcy court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus.,*

7

*Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Balco Ltd*, 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004). Relief from the automatic stay may be granted to continue prosecution of litigation against the debtor for "cause," and the Second Circuit has identified factors to determine when "cause" exists to lift the stay to allow for litigations to "continue in another forum." *In re Sonnax Indus.*, 907 F.2d at 1286 (citing *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)). These factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of the harms."
*Id.* (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)). The *Sonnax* factors are non-exclusive and are not all relevant in every case, and a reviewing court need not assign equal weight to factors it considers relevant. *See id.* (finding only four of the factors relevant); *In re Quigley Co.*, 361 B.R. 723 (Bankr. S.D.N.Y. 2007); *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992); *U.S. Bank Tr. Nat'l Ass'n v. AMR Corp. (In re AMR Corp.)*, 730 F.3d 88 (2d Cir. 2013) (upholding the bankruptcy court's denial of stay relief and its finding that only two of the twelve *Sonnax* factors were relevant).

**B. Analysis**

In applying the *Sonnax* factors, the Court concludes that "cause" exists here to lift the stay pursuant to Section 362(d)(1).

By way of brief overview with reference to the *Sonnax* factors: (1) lifting the stay is the only way to allow Michael E. Crane to pursue a final state-court determination of his contentions concerning his entitlement to reside in the Property, thus serving the interest of enabling a complete resolution of the issues without depriving him of any possible forum to pursue a final merits adjudication of his asserted entitlements; (2) lifting the stay should not unduly interfere with the bankruptcy case, in which the Court has ordered turnover of the Property, such that Micheal E. Crane's pursuit of an appeal from the Judgment need not delay the completion of the bankruptcy case which can proceed while taking into account the unresolved noticed appeal; (3) the third factor does not apply to the facts here; (4) the state-court system is expert in resolving landlord-tenant or housing disputes, but this factor weighs relatively modestly in light of this Court's own ability to apply the controlling state law; (5)-(6) the application's effect is not limited to Debtor's insurer and does not primarily involve third parties, so these factors do not constitute circumstances that weigh in favor of lifting the stay here; (7) the interests of other creditors would not be prejudiced by lifting the stay because the creditor body is small and may pursue relief in this Court, and the main disputed issues in this bankruptcy case are Michael Crane's entitlements (if any) and Debtor's need to regain control of its property and realize benefit from the property's value; (8) equitable subordination does not factor into the Court's analysis; (9) as far as the Court can tell, no judicial lien would be created through the litigation; (10) the interests of judicial economy are served by lifting the stay and allowing the appellate process to unfold according to its usual procedures given the state court's order at issue, which

this Court cannot and will not re-litigate in this forum; (11) while the Appeal has yet to be perfected and is therefore at the very beginning of the appeal process, there was a July 2024 trial in the Eviction Action and the Judgment was issued in November (more than eight months ago) so all that remains is pursuit of an appeal from the trial court's determination; and (12) the impact of the stay and the balance of harms tips in favor of Michael Crane, in that, by virtue of this Court's recent grant of summary judgment in the turnover action based on the collateral-estoppel effect of the state-court order, Mr. Crane's sole means of continuing to seek a determination that he holds a valid tenancy to the Property is to pursue his appeal in state court, such that declining to lift the stay would preclude Michael Crane from securing judicial review of his assertion that he holds a valid leasehold interest. *See In re Sonnax Indus.*, 907 F.2d at 1286 (describing the factors).

Distilling these considerations even further, the resulting interference with the bankruptcy case should be marginal and manageable, notwithstanding the high degree of litigiousness present in this case and the resulting potential for disruption of the main bankruptcy case, especially because the Court has already granted turnover of the Property in favor of Debtor (second factor); lifting the stay will allow the state courts that are primarily charged with resolving this sort of dispute to fully adjudicate the dispute, and in so doing, will promote judicial economy (fourth and tenth factors); and the interests of other creditors will not be unduly prejudiced as there are few creditors, consisting of the obligee on the common charges associated with the Property (presumably the cooperative residential corporation) and two law firms who are owed money in connection with prior litigation (seventh factor). *See id.* Moreover, given that the bankruptcy case remains pending, creditors have a way to pursue relief in this Court to attempt to protect their interests (seventh factor).

The Court therefore concludes that a balancing of the *Sonnax* factors demonstrates that "cause" exists to lift the automatic stay to allow Michael E. Crane to pursue the Appeal. The Court reaches this conclusion with some trepidation, because it perceives Michael Crane to have engaged in delaying and possibly obstructionist tactics, and because Mr. Crane's litigious stance as against the estates of Rhoda and Joyce Crane has been troublingly contentious and possibly vexatious, as shown by orders and decisions issued by several courts. Nevertheless, refusing to lift the stay would be troubling in that Michael and Daniel Crane would be simultaneously bound by the state trial court's judgment without an opportunity to relitigate that conclusion in the bankruptcy forum while being equally unable to pursue appellate relief in the state court system. The Court shies away from erecting a Catch-22 barrier of that sort that would leave Michael and Daniel Crane with no available forum. This consideration along with the other *Sonnax* factors favoring lifting the stay lead to the conclusion that the stay should be lifted.

As to the final substantive issues raised by the parties, the Court is not persuaded by Debtor's contention that Daniel Crane has no standing to bring the lift-stay Motion, or that he should not be granted the same relief as Michael Crane. Daniel Crane, while not a party to the underlying state-court action, has stated through counsel that he may wish to intervene to join his father Michael Crane in pursuing the appeal in question, and Daniel Crane is a purported co-tenant along with Michael Crane on the Alleged Lease on which Michael and Daniel Crane rely. Daniel Crane's reported desire to attempt to make an application to vindicate his asserted interest in estate property suffices to render him a party-in-interest; were the stay not lifted as to Daniel Crane, he would be barred from taking the steps he now says he wishes to take to seek a judicial determination of his asserted entitlement to property of the bankruptcy estate. The Court therefore grants the Motion as to Daniel Crane as well as Michael Crane. The Court also does not

view laches as a basis to deny the appeal because the Court does not perceive that an egregiously unreasonably amount of time passed after Debtor filed its bankruptcy cases and before the filing of the Motion, and because refusing to lift the stay now would possibly inequitably create an absolute bar to the Cranes' pursuit of a merits adjudication now that they have been held to be collaterally estopped from challenging the Judgment in the turnover proceeding before this Court.

And as a final procedural matter, the Court denies Movants' request to make the decision on the Motion effective immediately by waiving the 14-day stay of effectiveness that otherwise would arise. That stay serves to allow time for reflection, for the taking of appeals, for the filing of motions for reconsideration, and, potentially, for fruitful discussion among parties. Where there is as hotly contested a dispute as is present here, the Court declines to short-circuit the post-decision breathing period that the rules wisely provide.

In sum, then, Movants have demonstrated that "cause" exists to lift the stay pursuant to Section 362(d)(1) of the Bankruptcy Code. To the extent this Decision and Order does not specifically address any arguments raised by Debtor, those arguments are rejected.

## CONCLUSION

For the reasons stated above, the Movants' motion to lift the automatic stay is GRANTED. Movants are to submit a proposed order on notice to effectuate this ruling within three business days of entry of this decision and order. The time to notice any appeal will begin to run upon entry of such an order. If Movants fail to promptly submit such a proposed order, Debtor may do so.

**SO ORDERED.**

Dated: New York, New York            *s/ David S. Jones*
       August 8, 2025                     United States Bankruptcy Judge