| **MCShapiro Law Group PC** | **Law Advocates llc** |
|---|---|
| Mitchell C. Shapiro, Esq. (MS-9019) | Douglas A. Goldstein, Esq. (DG-5891) |
| Three Grace Avenue, Suite 100 | 236 Millbrook Ave, Ste 3R |
| Great Neck, New York 11021 | Randolph, New Jersey 07869 |
| Tel: (917) 446-3628 | Tel: (973) 845-6526 |
| Email: MCS@MCShapiroLaw.com | Email: DGoldstein@Advocates.Esq |

*Attorneys for Defendants-Appellants Michael E. Crane and Daniel M. Crane*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>                Debtor. | Civil Case No. 25-cv-6793 (DC) (RT)<br><br>Chapter 11<br><br>No. 25-10405 (DSJ) |
| CRANE ENTERPRISES, LLC,<br><br>                Plaintiff,<br><br>-vs-<br><br>MICHAEL E. CRANE, DANIEL M. CRANE, JOHN DOE AND JANE DOE (Fictitious Persons)<br><br>                Defendants. | Adv. Pro. No. 25-01040 (DSJ) |

**[PROPOSED] ORDER GRANTING EMERGENCY STAY PENDING APPEAL PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007**

Upon the motion (the "Motion") filed by defendants-appellants, Michael E. Crane and Daniel M. Crane (collectively, "Defendants-Appellants" or "Movants"), by and through their counsel of record herein, MCShapiro Law Group PC and Law Advocates LLC, for an emergency stay pending appeal of the Bankruptcy Court orders dated July 30, 2025, August 20, 2025 and August 22, 2025, which respectively:

(1) Granted Summary Judgment against Defendants-Appellants (Bankruptcy Court

Adversary Proceeding Electronic Docket No. ("ECF No.") 11, filed July 30, 2025, the "SJ Order"), which SJ Order followed the Decision and Order filed on July 29, 2025 (ECF No. 10, the "SJ Opinion") and, based on collateral estoppel given to the order filed on November 18, 2024 in the District Court of the State of New York, County of Nassau, First District, Hempstead (the "L-T Court"), under Index No. LT-004282-22 (the "L-T Action") (the "2024 L-T Order"), ruled that the plaintiff-appellee and debtor, Crane Enterprises, LLC ("Plaintiff-Appellee"), was entitled to the turnover and possession of a Long Beach, New York cooperative apartment known as 360 Shore Road, Apt 8L, Long Beach NY 11561 (the "Apt.");

(2) Denied the Defendants-Appellants' Motion Seeking to Alter, Amend or Grant Relief from the SJ Order pursuant to Bankruptcy Rules 9023 or 9024, or, in the Alternative, an Order Pursuant to Bankruptcy Rule 8007 for a Stay Pending the Appeal of the SJ Order (and the State Court Appeal of the 2024 Order to which it gave collateral estoppel effect) by Decision and Order dated August 20, 2025 (ECF No. 21, "Order Denying Reconsideration/Stay Pending Appeal and Granting Eviction"); and

(3) Ordered the Eviction of the Defendants-Appellants unless they voluntarily vacate the premises by September 5, 2025, by order dated August 22, 2025 (ECF No. 23, the "Eviction Order");

(collectively, the "Bankruptcy Orders"), pursuant to Federal Rule of Bankruptcy Procedure 8007, and for such further and additional relief as this Court deems just, including staying the enforcement of the Bankruptcy Orders and the briefing of the appeal until after the conclusion of the Defendants-Appellants' pending state court appeal of the order of the New York State District Court, Count of Nassau dated November 18, 2024 (the 2024 L-T Order") to which the Bankruptcy

Court deferred and gave collateral estoppel effect in the SJ Order; and it appearing that Defendant-Appellant Michael E. Crane initiated an appeal from the 2024 L-T Order to the NYS Appellate Term, Second Department (Bankruptcy Adv. Pro. No. 25-01040 (DSJ) ECF No. 8, Exhibit G); and after due deliberation and sufficient cause appearing therefor; the Court hereby

**FINDS** that

1. Defendants-Appellants filed a timely notice of appeal from the SJ Order and timely filed an Amended Notice of Appeal of all four of the Bankruptcy Orders (Bankruptcy Adv. Pro. No. 25-01040 (DSJ) ECF No. 23);

2. Defendants-Appellants have demonstrated a likelihood of success on the merits of their appeal of the Bankruptcy Orders;

3. Defendants-Appellants will suffer irreparable harm absent a stay, including potential loss of shelter and hardship to vulnerable household members;

4. The balance of equities favors Defendants-Appellants, as the harm to Defendants-Appellants from eviction outweighs any financial prejudice to Plaintiff-Appellee, which may be mitigated by conditions imposed herein;

5. The public interest supports maintaining stability in housing pending resolution of legal claims.

Accordingly, it is hereby

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that enforcement of the Bankruptcy Orders entered by the Bankruptcy Court as described above *(and the briefing of the instant appeal of the Bankruptcy Orders)* are **STAYED** pending resolution of Defendants-Appellants' appeal *of the Bankruptcy Orders herein and* the 2024 L-T Order in the New York State Appellate Term, Second Department; and it is further

**ORDERED,** that Defendants-Appellants shall:

1. Make payment to the owner of the cooperative apartment building, Xander Corp., of all cooperative maintenance fees now due that accrued after the date of the filing of Plaintiff-Appellee's bankruptcy case (May 4, 2025) within 30 days of entry of this order, and continue to make timely payment of all regular and periodic cooperative maintenance fees that come due unless and until Defendants-Appellants either voluntarily or involuntarily cease possession and turn over the Apartment to the Plaintiff-Appellee, and if any such payments are not accepted by Xander Corp., then to deliver such amounts into escrow with the Clerk of this Court;

2. Maintain property and casualty insurance coverage that is no less protective than the coverage previously presented by Defendants-Appellants in this matter (Bankruptcy Adv. Pro. No. 25-01040 (DSJ), ECF No. 7, Exhibit M), naming the appropriate party or parties as additional insured(s);

3. Comply with all lawful terms, conditions and obligations of the lease agreement between the parties hereto (Bankruptcy Adv. Pro. No. 25-01040 (DSJ), ECF No. 6, Exhibit F), to the extent not inconsistent with this Stay Order during the pendency of the stay; and it is further

**ORDERED** that this Order and the Stay Pending Appeal shall remain in effect until the appeals of the Bankruptcy Orders and the 2024 L-T Order are resolved or until further order of this Court.

**ORDERED,** that this Court shall retain jurisdiction to hear and determine any matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York

_____ \_\_\_\_\_, 2025

                                                           _____
                                                           HONORABLE DENISE L. COTE
                                                           UNITED STATES DISTRICT JUDGE