**MCShapiro Law Group PC**
Mitchell C. Shapiro, Esq. (MS-9019)
Three Grace Avenue, Suite 100
Great Neck, New York 11021
Tel: (917) 446-3628
Email: MCS@MCShapiroLaw.com

**Law Advocates LLC**
Douglas A. Goldstein, Esq. (DG-5891)
236 Millbrook Ave, Ste 3R
Randolph, New Jersey 07869
Tel: (973) 845-6526
Email: DGoldstein@Advocates.Esq

*Attorneys for Defendants-Appellants Michael E. Crane and Daniel M. Crane*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CRANE ENTERPRISES, LLC,<br><br>       Debtor. | Civil Case No. 25-cv-6793 (DC) (RT)<br><br>Chapter 11<br><br>No. 25-10405 (DSJ) |
| CRANE ENTERPRISES, LLC,<br><br>       Plaintiff,<br><br>       -vs-<br><br>MICHAEL E. CRANE, DANIEL M. CRANE, JOHN DOE AND JANE DOE (Fictitious Persons)<br><br>       Defendants. | Adv. Pro. No. 25-01040 (DSJ) |

**DECLARATION OF MITCHELL C. SHAPIRO, ESQ.**
**IN SUPPORT OF EMERGENCY MOTION FOR STAY PENDING APPEAL**

I, **MITCHELL C. SHAPIRO**, declare as follows:

1.    I am an individual over 18 years of age, am an attorney at law duly admitted to practice before the Courts of the State of New York and this Honorable Court continuously since 1990, am not a party in this action and I and the firm of which I am the Managing Partner, MCShapiro Law Group PC, are duly retained co-counsel of record for Defendants-Appellants Michael E. Crane ("Michael") and Daniel M. Crane ("Daniel"; together, "Movants"). I make the

factual allegations contained herein based upon my own personal knowledge and a review of the records maintained by my firm and the Court's docket. If called to testify, I would do so truthfully and consistent with the following, which I believe to be true and correct subject to the penalties of perjury.

2.  I submit this affirmation in support of the Movants' instant motion for an emergency stay pending appeal of the Bankruptcy Courts July 30, 2025, August 20, 2025 and August 22, 2025 orders, which respectively:

(a) Granted Summary Judgment Against Michael E. Crane and Daniel M. Crane (Bankruptcy Court Adversary Proceeding Electronic Document No. ("ECF No.") 11, July 30, 2025, the "SJ Order"), which SJ Order followed the Decision and Order filed on July 29, 2025 (ECF No. 10, the "SJ Opinion") and, based on collateral estoppel given to the order filed on November 18, 2024 in the District Court of the State of New York, County of Nassau, First District, Hempstead (the "L-T Court"), under Index No. LT-004282-22 (the "L-T Action") (the "2024 L-T Order"), ruled that the plaintiff-appellee and debtor, Crane Enterprises, LLC ("Plaintiff-Appellee"), was entitled to the turnover and possession of a Long Beach, New York cooperative apartment known as 360 Shore Road, Apt 8L, Long Beach NY 11561 (the "Apt.");

(b)  Denied the Defendants-Appellants Motion Seeking To Alter, Amend or Grant Relief from the SJ Order (pursuant to Bankruptcy Rules 9023 or 9024, Or, In The Alternative, An Order Pursuant to Bankruptcy Rule 8007 for a Stay Pending the Appeal Of The SJ Order (and the State Court Appeal of the 2024 State Court Order to which it gave collateral estoppel effect) by Decision and Order Dated August 20, 2025 (ECF No. 21, "Order Denying Reconsideration/Stay Pending Appeal and Granting Eviction"); and

(c) Ordered the Eviction of the Defendants-Appellants unless they voluntarily vacate the

premises by September 5, 2025, by order dated August 22, 2025 (ECF No. 23, the

"Eviction Order");

(collectively, the "Bankruptcy Orders"), pursuant to Federal Rule of Bankruptcy Procedure 8007,

and for such further and additional relief as the Court deems just including staying the enforcement

of the Bankruptcy Orders and the briefing of the appeal herein until after the conclusion of the

Defendants-Appellants' pending state court appeal of the order of the New York State District

Court, Count of Nassau dated November 18, 2024 (the 2024 L-T Order") to which the Bankruptcy

Court deferred and gave collateral estoppel effect in the SJ Order, and from which 2024 L-T Order

Defendant-Appellant Michael E. Crane initiated an appeal from the 2024 L-T Order to the NYS

Appellate Term, Second Department (Bankruptcy Adv. Pro. No. 25-01040 (DSJ) ECF No. 8,

Exhibit G)

3.      For the reasons set forth in the accompanying Declaration of Michael E. Crane, and

in the accompanying Memorandum of Law, both dated August 25, 2025 and submitted herewith

in support of the instant Motion, and based on all prior proceedings herein, I respectfully request

that this Honorable Court grant the instant Motion.

4.      The urgency of this motion arises from the imminent enforcement of the

Bankruptcy Orders, and in particular the Eviction Order, which, if not stayed, will result in the

turnover and eviction of the Movants from the Apartment, which is their only home, and which

Apartment belonged to their mother/grandmother and aunt/great aunt, as well as their

grandmother/great grandmother, and with respect to which the Movants maintain that they have

an enforceable lifetime lease and as a member (the managing member) of CE, Michael has a

possessory ownership interest as well.

5.       The Movant has a substantial possibility of success on the merits of the appeal, as the Bankruptcy Court Orders gave collateral estoppel effect to the 2024 L-T Order, in an action in which the administrator of the estate who commenced the action on behalf of the Debtor lacked authority to commence, based on his failure to "to file all necessary applications to remove Michael Crane from any manager, member … position with [CE] LLC .. ." as directed by the order of the New Jersey court which (in violation of the internal affairs doctrine) ruled that the administrator would have authority over the assets of CE (a New York LLC) and that Michael would have no authority or role with respect to CE or its assets, which he had been managing for far more than a decade (the "2022 NJ Order"). Michael is still registered as the Managing Member of CE. The Administrator also admitted never having served Michael with the domesticated 2022 NJ Order after filing it in a New York court in 2024. The Administrator never commenced an action in New York surrogate's court or sought to have letters testamentary issued as required for a foreign administrator to attach New York property of an estate. Accordingly, the L-T Action was improperly commenced and was an ultra vires act against a member. Moreover, the one page handwritten L-T Order that the Bankruptcy Court's SJ Order relied upon and deferred to failed to acknowledge the existence of the lifetime lease to the Apt. that had been given to Michael and Daniel in 2014 by Joyce Crane, their mother and grandmother, and one of the managing members of CE, the owner of the Apt. Michael's timely notice of appeal of the L-T Order – filed to be safe, despite being told by the clerk of the Appellate Term that the L-T Order was not a final judgment and any appeal would be bounced by the clerk -- was stayed by the automatic stay in bankruptcy, the relief from which has yet to be effective. The Debtor never sought to have the final judgment of possession or warrant of eviction entered or to commence eviction proceedings. Instead, likely recognizing the difficulty that it would have on appeal in the Appellate Term, the Debtor filed the

CE Bankruptcy on March 4, 2025 (listing only bankruptcy counsel and Xander, who was owed a small sum since the Debtor had instructed Xander to stop accepting coop maintenance payments from Movants), and then immediately filed this Adversary Proceeding on March 5, 2025. and which 2024 L-T Order was a one-page handwritten order that, among other things, was issued without proper consideration of the Movants rights under Section [specific section] of the Bankruptcy Code"].

6.     Daniel is also likely to succeed on the merits of his appeal based on CE's failure to name him as a defendant in the L-T Action, and their failure to ever serve him with the notice of petition, petition or judgment of possession or warrant of eviction, none of which name Daniel, despite CE's knowledge of the lifetime lease, both before and during the L-T Action. The Bankruptcy SJ Order erred in finding that Daniel was in privity with Michael and thus barred by res judicata from challenging the L-T Order, despite the fact that the Debtor's summary judgment motion did not expressly raise res judicata, yet the Movants' objections and opposition cited facts that would defeat an use of res judicata based on alleged privity. Last, the Eviction Order gave permission for self-help – changing the locks and denying Movants entry to the cooperative premises, in violation of New York law.

7.     The balance of equities strongly favors granting the stay pending appeal, as the harm to the Movants absent a stay far outweighs any potential harm to the opposing party, a debtor whose only creditors are the cooperative association Xander, who stopped accepting coop maintenance payments from Michael and Daniel when instructed to reject them by the Administrator who is running the Debtor's activities, and the Debtor's counsel, who are asserting claims against this single asset Debtor from other cases for separate entities. Movants, on the other hand, will lose their one remaining home, the home whether their grandmother and great

grandmother spent most summers and holidays and where the Movants have called home for many years.

8.      The Debtor's admitted inability to protect the assets of the bankruptcy estate further weigh in favor of the stay pending appeal because the Movants, if permitted to remain in the Apt., will maintain and protect the sole asset of the bankruptcy estate. The Debtor's self-imposed insolvency and inability to protect its assets have created an exigency that could lead to a rushed sale of the Debtor's primary asset, to the detriment of the bankruptcy estate.

9.      The public interest also supports granting the stay, as it ensures the proper application of the New York laws regarding property and tenants' right, the regulation of foreign administrators of estates seeking to attach New York property, the limitation of bankruptcy law so that it does not become "too strong a wrench" and subvert state court processes, and protects the integrity of the appellate process. A denial of the emergency stay pending appeal likely will moot out any meaningful appeal.

10.     Movants previously requested a stay pending appeal from the Bankruptcy Court which, in apparent conflict with the statements made in the recent Stay Relief Order giving Movants permission to proceed with the L-T Action appeal to the NYS Appellate Term regarding the sole source of relief for Movants being on a State Court appeal, denied the motion on August 20, 2025 and then issued an order of eviction on August 23, 2025, one business day ago.

11.     Movants timely filed a notice of appeal of the SJ Order and today filed an Amended Notice of Appeal of all four Bankruptcy Orders.

12.      On Friday at 12:30 p.m., one business day ago, the undersigned informed Eric Snyder, of Wilks Auslander, special counsel for the debtor, via email that "As you fully expect, we are planning to head to the appellate court seeking an emergency stay pending appeal ASAP."

As soon as the Motion is filed, the undersigned will simultaneously email a copy of the Motion papers to the Court and to Attorney Snyder, and to the Debtor's counsel of record, Brett Silverman of Silveman Law PLLC and Xander counsel, Goerge Mullane or Schnieder Buchel, of Movants' filing of this Motion and the request for emergency relief.

13.     The undersigned notes that he is scheduled to leave the Country first thing this Wednesday morning, August 27, 2025 for a semi-annual visit to a child who lives overseas (returning early on the morning of September 3, 2025, and will be 7 time zones ahead should the Court wish to schedule a hearing remotely for Thursday, or Friday morning first thing), and respectfully requests that – given the scheduled eviction date of September 5, 2025, that any in-person appearance be held on the afternoon of Tuesday, August 26, 2025, if the Court has time available.

14.     In light of the foregoing, I respectfully request that the Court grant the Movants' instant motion for an emergency stay of the Bankruptcy Courts Orders, and in particular the Order of Eviction, pending appeal.

*I declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America and the States of New York that the facts set forth above are true and that I affixed my signature to this Declaration on August 25, 2025.*

_____
MITCHELL C. SHAPIRO